RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MAY 20 2026
DANIEL J. McCOY, CLERK
BY:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA

v.

MICAH JAMES LEGNON,
a/k/a "Kateri,"
a/k/a "DarkWitch,"

Defendant

18 U.S.C. § 2339A(a)
18 U.S.C. § 875(c)
26 U.S.C. § 5861(d)

6:26-cr-00198-01
Judge Joseph
Magistrate Judge Whitehurst

# INDICTMENT

The Federal Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### *Individuals and Organizations*

1. The "Turtle Island Liberation Front" ("TILF") was an anti-capitalist, anti-government movement comprised of people residing in the United States.

2. The "Order of the Black Lotus" ("OBL") was a radical faction of TILF comprised of people who were vetted by leaders in TILF and engaged in plotting to carry out domestic attacks in the United States. Members of OBL communicated through a group messaging chat called "Order of the Black Lotus" on an encrypted and self-deleting messaging app.

3. The defendant, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** was a resident of New Iberia, Louisiana, and was a member of TILF and OBL. **LEGNON** was a former rifleman in the United States Marine Corps and a

former police officer and "special weapons and tactics" ("SWAT") team member in New Iberia who was trained to handle dangerous, high-risk situations, such as active shooter incidents.

4. Audrey Illeene Carroll, a/k/a "Asiginaak," a/k/a "Black Moon," ("Carroll") was a resident of California, and was a member of both TILF and OBL.

5. Zachary Aaron Page, a/k/a "AK," a/k/a "Ash Kerrigan," a/k/a "Cthulu's Daughter," ("Page") was a resident of California, and was a member of both TILF and OBL.

6. Dante James Anthony-Gaffield, a/k/a "Nomad," ("Anthony-Gaffield") was a resident of California, and was a member of both TILF and OBL.

7. Tina Lai, a/k/a "Kickwhere," ("Lai") was a resident of California, and was a member of both TILF and OBL.

***Technical Weapons Information***

8. An "improvised explosive device" ("IED") was a homemade bomb or destructive weapon fabricated in an unconventional manner, typically combining commercial or military explosives with non-military components.

9. "Blasting caps" were small, specialized, and highly sensitive explosive devices used to initiate larger, less sensitive high explosives, such as dynamite. A blasting cap typically consists of a small metal or plastic cylinder containing a primary explosive charge that detonates upon being triggered by an electric current, spark, or heat from a safety fuse.

**COUNT 1**
**Conspiracy to Provide Material Support to Terrorists**
[18 U.S.C. § 2339A(a)]

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around a date unknown but no later than January 2025, and continuing through on or about December 12, 2025, in the Western District of Louisiana, and elsewhere, the defendant,

**MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"**

did knowingly and willfully combine, conspire, confederate, and agree with Carroll, Page, Anthony-Gaffield, Lai, and other persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b)(1), that is, services, including training and guidance in the use of explosives, combat tactics, and firearms, knowing and intending that such material support and resources were to be used in preparation for, and in carrying out, violations of Title 18, United States Code, Sections 844(i) (malicious damage or destruction of a building) and 2332a (use of a weapon of mass destruction), all in violation of Title 18, United States Code, Section 2339A(a).

**OBJECT OF THE CONSPIRACY**

3. It was a purpose and object of the conspiracy for the defendant and his co-conspirators (a) to create IEDs, (b) to use IEDs, among other means, to damage and disrupt shipping and logistics facilities in California, (c) to receive combat

training that included urban combat and SWAT tactics to further their operation, and (d) to procure weapons, including assault-style firearms, to further their operation.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included the following, among other things:

4. Carroll and Page, among others, would recruit people to join OBL and include them in an OBL group chat titled "Order of the Black Lotus" that, as Carroll wrote on or about December 5, 2025, is for "only those who are active."

5. Carroll and Page, among others, would research ways to build explosive bombs, including IEDs, and means of self-protection, including combat and firearms training, and discuss the same in the "Order of the Black Lotus" group chat.

6. The defendant, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a, "DarkWitch,"** using the "Order of the Black Lotus" group chat, would offer and plan to provide various types of combat-related training and advice about how to produce IEDs and other types of explosives.

7. The defendant, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** Carroll, and Page, among others, would communicate in the "Order of the Black Lotus" group chat in furtherance of a bombing plot and would take steps to conceal their communications, including setting their messages to automatically delete.

8. Carroll and Page, among others, would travel to the Mojave Desert to build and test IEDs.

9. OBL as a group would plan and execute an attack on logistics facilities in California using IEDs, assault weapons, and other materials while attempting to evade detection and capture.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects and purpose thereof, at least one conspirator committed and caused to be committed in the Western District of Louisiana, and elsewhere, at least one of the following overt acts, among others:

1. In or around January 2025, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** joined OBL and its group messaging chat with the belief that he was being recruited due to his military background and informed other OBL members of his military and law enforcement background.

2. In or around June 2025, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** provided his co-conspirators information about blasting caps, explaining that they could not purchase blasting caps through normal channels and referring them to online video sources, and about IEDs, explaining that he had not been formally trained in creating IEDs but that his co-conspirators could find manuals online and referred them to a specific manual.

3. On or about June 10, 2025, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** stored an image onto his smartphone containing a photograph

of an apparent IED with instructions relating to how to manufacture and detonate the IED.

4. From in or around September 2025, and continuing through December 12, 2025, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** maintained a series of folders within a smartphone storage panel titled "Training," with folders contained therein listed as, among other things, "Patrolling," "Ambush tactics," "Defense position," "Scoutingandpat...," "Land nav," and "Demolitionande...."

5. On or about September 9, 2025, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** stated in an OBL group messaging app that he could "work with everyone and get y'all caught up on urban tactics as well as home in on accuracy and combat shooting" through a "good solid four days" of training, with **LEGNON** further telling the OBL group that he "used to teach damn near battalion level numbers."

6. From in or around September 2025, and continuing through on or about December 12, 2025, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** downloaded and maintained combat tutorial materials on his smartphone with headings such as "How to Move in a Combat Environment," "5 Basic Rules Of CQB [i.e., close-quarter battle]," and "Calibre and Setup Considerations."

7. From on or about September 30, 2025, and continuing through December 12, 2025, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** maintained a note document on his smartphone titled "Crew

Weapons" that included the name of an OBL co-conspirator followed by a series of firearms, including several assault rifles.

8. In or around December 2025, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** maintained assault rifles, SWAT training manuals, sniper training manuals, and other combat materials in his residence.

9. On or about December 9, 2025, while the OBL conspirators discussed a trip to the desert and, as one co-conspirator described, "testing very small amounts just to make sure its working properly," **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** responded, "If I was able to come out then I would so be with yall on this adventure but it seems the universe is withholding me from everything by giving me covid this week."

10. On or about December 12, 2025, Carroll, Page, Anthony-Gaffield, and Lai traveled to a remote location in California to conduct a "dry run" for OBL's planned attack by detonating explosive devices.

11. On or about December 12, 2025, and at approximately the same time that his co-conspirators in California were traveling to their desert "dry run" site, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"** possessed three assault rifles, including one unregistered short-barrel rifle, a handgun, body armor, two gas cannisters, and combat training manuals.

All in violation of Title 18, United States Code, Section 2339A(a).

**COUNT 2**
**Transmitting Threats Through Interstate Commerce**
[18 U.S.C. § 875(c)]

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. On or about December 4, 2025, in the Western District of Louisiana, and elsewhere, the defendant,

**MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"**

did knowingly transmit in interstate commerce any communication containing a threat to injure the person of another, that is, ICE officers, in that the defendant shared a post on Facebook of what appeared to be agents arresting an individual on a rooftop and wrote, among other things, "time to recreate Waco tx with these f***ers. F*** ice," with the intent to communicate a threat and with the knowledge that it would be viewed as a threat, in violation of Title 18, United States Code, Section 875(c).

**COUNT 3**
**Possession of an Unregistered Firearm**
[26 U.S.C. § 5861(d)]

On or about December 12, 2025, in the Western District of Louisiana, and elsewhere, the defendant,

**MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "DarkWitch,"**

did knowingly possess a firearm, as defined in Title 26, United States Code, Section 5845(a) and Title 18, United States Code, Section 921(a)(25), that is, one short-barreled Aero Precision, Model X15, that was not registered to him in the National

Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

## FORFEITURE NOTICE

A. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for alleging forfeiture to the United States of America of certain property to which the defendant, **MICAH JAMES LEGNON, a/k/a "Kateri," a/k/a "Black Witch,"** has an interest.

B. Upon conviction of a violation of Title 18, United States Code, Section 2339A(a), as alleged in this Indictment, the defendant shall forfeit to the United States of America any property, real or personal, relating to the planning or perpetrating of the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(G).

C. Upon conviction of a violation of Title 18, United States Code, Section 25861(d), as alleged in this Indictment, the defendant shall forfeit to the United States of America any firearm involved in any violation of the offense, pursuant to Title 26, United States Code, Section 5872(a).

[Remainder of Page Intentionally Left Blank]

All pursuant to Title 18, United States Code, Sections 981(a)(1)(G) and Title 26, United States Code, Section 5872(a), as well as the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, 2461(c).

A TRUE BILL

REDACTED

FOREPERSON

ZACHARY A. KELLER
UNITED STATES ATTORNEY

JOHN W. NICKEL
ASSISTANT UNITED STATES ATTORNEY